

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2005

# Otto v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2656

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Otto v. Williamson" (2005). *2005 Decisions.* Paper 672.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/672

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2656
_____

BUCKLEY OTTO,
Appellant
vs.

TROY WILLIAMSON, Warden
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-00948)
District Judge: Honorable James F. McClure, Jr.
_____

Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 29, 2005
Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES
(Filed August 19, 2005)
_____

OPINION
_____

PER CURIAM.

        Buckley Otto, a federal prisoner, appeals pro se the order of the United

States District Court for the Middle District of Pennsylvania denying his habeas petition

filed pursuant to 28 U.S.C. § 2241.  For the reasons that follow, we will summarily affirm

the judgment of the District Court.

1

In 1983, following a jury trial, Otto was convicted in the United States District Court for the District of Connecticut of bank robbery, armed bank robbery, kidnaping during a bank robbery, and conspiracy. Otto was sentenced to a term of twenty years imprisonment. Otto did not file an appeal from his conviction and sentence. Since 1985, Otto has filed three unsuccessful motions pursuant to 28 U.S.C. § 2255 in the District Court for the District of Connecticut. Otto has also filed an unsuccessful application with the United States Court of Appeals for the Second Circuit for permission to file a second or successive § 2255 motion, arguing that erroneous jury instructions violated his right to a trial by jury, and that he is actually innocent of the crimes for which he was convicted.

Otto, who is incarcerated at FCI-Allenwood in White Deer, Pennsylvania, filed the underlying § 2241 petition in the District Court for the Middle District of Pennsylvania on May 5, 2005. In his § 2241 petition, Otto alleged: (1) that the trial court's improper jury instructions violated his right to a trial by jury; and (2) insufficient evidence and actual innocence of the crimes for which he was convicted. On May 16, 2005, the District Court dismissed Otto's § 2241 petition, concluding that Otto had not shown that § 2255 is inadequate or ineffective such that he should be allowed to proceed under § 2241. This timely appeal followed.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343

2

(1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims." Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or the petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive § 2255 motion. See Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002); see also Cradle, 290 F.3d at 539.

There is no doubt that Otto's claims fall within the purview of § 2255, and, as the District Court concluded, Otto has not demonstrated that § 2255 is "inadequate or ineffective." Otto's attempt to circumvent the gatekeeping provisions of § 2255 is unavailing, and amounts to little more than an end run around Second Circuit Court of Appeals' decision denying his application for authorization to file a second § 2255 motion.

Because this appeal presents "no substantial question," 3d Cir. LAR 27.4 and I.O.P. 10.6, we will summarily affirm the District Court's May 16, 2005, order. Otto's  motion for appointment of counsel is denied.